The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, AR 72018-1998
Dear Senator Webb:
This is in response to your request for an opinion concerning utility service in a municipality's planned growth area. You have set forth your question as follows:
Question:
 Must a landowner located in a planned growth area be required to receive utilities from that municipality?
 Case in Point:
 A given city not yet ready to incorporate, nor ready to install said utilities, prevents residents in a planned growth area from receiving like services from a county source. Reason stated: Act 186 — they are in an established planned growth area.
I assume that the referenced "Act 186" is Act 186 of 1956, as amended, which is codified at A.C.A. §§ 14-56-401 et seq. (1987 and Supp. 1995). Under this act, cities having planning commissions may exercise "territorial jurisdiction" within five (5) miles of their corporate limits. A.C.A. §§ 14-56-413(a)(1)(A). See also A.C.A. §§ 14-56-412(c) (regarding the "planning area map") and 14-56-417(c).
In my opinion, the mere fact that a landowner is located in this area within a city's territorial jurisdiction does not, by itself, mean that he or she must receive utilities from that city. My review of §§ 14-56-401et seq. has yielded no support for that proposition. Nor have I found any other authority to this effect. Cities in Arkansas have no inherent authority to enact legislation. City of Fordyce v. Vaughn, 300 Ark. 554,781 S.W.2d 6 (1989). Their legislative authority is dependent, instead, upon the authority granted by the Arkansas Constitution and the General Assembly. Id.
As a general matter, therefore, it is my opinion that a city cannot require such a landowner to receive utilities from the city.[1] The "Case in Point" noted under your question, however, requires reference to that part of Act 186 of 1957 concerning implementation of plans prepared by a city's planning commission, which may include a master street plan, a land use plan, and a community facilities plan. A.C.A. § 14-56-412(d). In this regard, the community facilities plan may, in accordance with A.C.A. § 14-56-414(c)(1)(C), indicate "the general location and extent of the service areas of, and the future requirements of . . . [p]ublic and private utility terminals and lines[.]" And regulations controlling the development of land may include "[t]he extension or provision of utilities[.]" A.C.A. § 14-56-417(a)(2)(B).
The significance of these provisions for purposes of your question lies in the requirement under A.C.A. § 14-56-412(f) with respect to the planning commission's approval of a "project, proposal, or development" following adoption and filing of a "plan." Subsection (f)(1) of §14-56-412 provides as follows:
 After adoption and filing as provided of a plan, no public way, ground, or open space; public building or structure; publicly or privately owned public utility line or terminal or transportation line or terminal; or public development or redevelopment or renewal project shall be acquired, constructed, or authorized unless such a project, proposal, or development has been submitted to the commission for
review, recommendation, and approval as to its conformity with the plan. [Emphasis added.]
Regarding the "Case in Point," you have not stated the exact basis for the city preventing residents from receiving services from a county source, other than the reference to their location in a planned growth area. Although I thus lack sufficient facts to fully address the matter, the possibility exists that the proposed service does not conform in some way with the city's land use or community facilities plan. While §14-56-412(f) should not, in my opinion, be construed to authorize the city's general disapproval of any other utility service or extension, it seems clear that the city is authorized under this provision to disapprove a proposal that fails to conform with a particular plan.
It is thus apparent that a conclusive answer to your question may require reference to additional facts and circumstances. The above discussion is intended to provide a general legal framework for the factual analysis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should perhaps also be noted that while a city has the option of extending water and sewer service outside its corporate limits, it cannot be obligated to do so. See A.C.A. §§ 14-234-110 and 14-234-111.